# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUCKER, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-3800** |
| **BRIGHAM, et al.** | **SECTION: "G"(3)** |

## ORDER

Before the Court is Defendants Troy Brigham, Tritex Freighters, LLC, and Sentry Select Insurance Company's (collectively, "Moving Defendants") "Joint Motion to Extend Motion Disposition Deadline."[1] Moving Defendants note that on April 4, 2017, the Court extended the discovery deadline in this matter until May 10, 2017 and the *Daubert* motion submission deadline until May 10, 2017.[2] Moving Defendants contend that additional time is also necessary to file a motion for summary judgment in this matter and to file a motion in limine with respect to certain aspects of Defendant Troy Brigham's background.[3] Specifically, Moving Defendants argue that they need additional time to obtain deposition transcripts and file a motion for summary judgment on the basis that there is no competent evidence by which Plaintiffs may rebut the presumption of Cheryl Wood's liability.[4] Therefore, Moving Defendants request that the Court continue these deadlines consistent with the *Daubert* motion deadline.[5]

Plaintiffs Garrick Rucker, Dylana Ricker, Maleah Rucker, Miles Wood, and Cheryl Wood

---

[1] Rec. Doc. 44.

[2] *Id.* at 1 (citing Rec. Doc. 36).

[3] *Id.* at 2.

[4] Rec. Doc. 44-1 at 2.

[5] *Id.*

1

(collectively, "Plaintiffs") oppose this motion.[6] Plaintiffs contend that they have no objection to the filing of motions in limine consistent with this Court's Scheduling Order.[7] However, Plaintiffs object to the filing of a motion for summary judgment on the eve of trial.[8] Plaintiffs contend that while the remaining deposition testimony may be helpful to Plaintiffs in filing an opposition to a motion for summary judgment, none of the remaining deposition testimony is necessary for the defense to file a motion for summary judgment.[9] Additionally, Plaintiffs note that Defendants have already filed a motion for summary judgment.[10]

Federal district courts have the inherent power to enforce their scheduling orders,[11] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[12] Whether to grant or deny a continuance is within the sound discretion of the trial court.[13] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[14]

On April 4, 2017, the Court granted in part and denied in part the parties' "Joint Motion to

---

[6] Rec. Doc. 49.

[7] *Id.* at 1.

[8] *Id.*

[9] *Id.* at 2.

[10] *Id.*

[11] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[12] Fed. R. Civ. P. 16(b)(4).

[13] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[14] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

2

Extend Discovery Deadline and *Daubert* Motion Disposition Date."[15] In that motion, the parties requested that the Court continue the *Daubert* motion hearing deadline until June 7, 2017 and the discovery deadline until May 23, 2017.[16] The Court found that extending the *Daubert* motion hearing deadline until June 7, 2017, would provide the Court with insufficient time to decide any *Daubert* motions before the June 12, 2017 trial date.[17] However, the Court, in its discretion, allowed a brief extension of the discovery deadline until May 10, 2017 and a brief extension of the *Daubert* motion hearing deadline until May 10, 2017.[18]

In the instant motion, Moving Defendants request that the Court continue the submission deadline for motions for summary judgment from April 26, 2017 until May 10, 2017, and the motion in limine deadline until May 10, 2017.[19] As an initial matter, the Court notes that the deadline for filing motions in limine, other than *Daubert* motions, is seven working days before trial.[20] Therefore, Moving Defendants request to continue the motion in limine deadline is denied because that deadline has not passed, and Moving Defendants have not shown why they need more than seven working days before trial to file a motion in limine. To the extent that Moving Defendants argue that the submission deadline for filing motions for summary judgment should be continued, Moving Defendants have already filed a motion for partial summary judgment.[21] To

---

[15] Rec. Doc. 36.

[16] Rec. Doc. 32.

[17] Rec. Doc. 36 at 2.

[18] *Id.*

[19] Rec. Doc. 42.

[20] Rec. Doc. 9 at 2.

[21] Rec. Doc. 29.

the extent that Moving Defendants request additional time to file another motion for summary judgment, they have not shown why they could not file this motion for summary judgment in accordance with the Court's Scheduling Order or why they failed to raise this issue in the prior motion to continue the discovery and *Daubert* motion deadlines. Accordingly,

**IT IS HEREBY ORDERED** that Moving Defendants' "Joint Motion to Extend Motion Disposition Deadline"[22] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 28th day of April, 2017.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[22] Rec. Doc. 44.